

1 | Daniel M. Cislo, Esq., No. 125,378
Kelly W. Cunningham, Esq., No. 186,229
2 | CISLO & THOMAS LLP
1333 2nd Street, Suite 500
3 | Santa Monica, California 90401
Telephone: (310) 451-0647
4 | Telefax: (310) 394-4477

5 | Attorneys for Plaintiff
AB COASTER HOLDINGS, INC.

**CONFORM COPY**

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 0 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **CV10  0397  VBF  (CWx)**

11 | AB COASTER HOLDINGS, INC.,) CASE NO.
a Delaware corporation,
12 |                          )
Plaintiff,              ) **COMPLAINT FOR DAMAGES AND**
13 |                          ) **INJUNCTIVE RELIEF FOR:**
                         )
14 | v.                       ) **(1) PATENT INFRINGEMENT;**
                         ) **(2) TRADEMARK INFRINGEMENT;**
15 |                          ) **(3) FEDERAL UNFAIR COMPETITION;**
BRIAN GREENE, an individual;) **(4) STATE AND COMMON LAW**
16 | PENNY GREENE, an individual;)     **UNFAIR COMPETITION**
PROFESSIONAL BILLING      )
17 | CONSULTANTS, INC., an Ohio)
corporation; and DOES 1-10,)
18 | inclusive,                )
                         )
19 | Defendants.            ) **DEMAND FOR JURY TRIAL**

20 | ──────────────────────────

21

22 |         For its complaint, Plaintiff AB COASTER HOLDINGS, INC. ("Ab

23 | Coaster Holdings") hereby alleges and asserts as follows:

24

25 |                   **I.    PARTIES**

26

27 |         1.    Ab Coaster Holdings is a Delaware corporation with offices in

28 | Wilmington, Delaware.

2.     a.     Ab Coaster Holdings is informed and based thereon believes and alleges that Defendant BRIAN GREENE is an individual and United States citizen residing in Lancaster, Ohio;

b.     Ab Coaster Holdings is informed and based thereon believes and alleges that Defendant PENNY GREENE is an individual and United States citizen residing in Lancaster, Ohio;

c.     Ab Coaster Holdings is informed and based thereon believes and alleges that Defendant PROFESSIONAL BILLING CONSULTANTS, INC. is an Ohio corporation with offices at 2333 Hawk Street, Lancaster, Ohio, 43130; and

d.     Defendant Brian and Penny Greene claim that they are the joint owners of Defendant Professional Billing Consultants.

3.     The true names and capacities, whether individual, corporate or otherwise of Defendants Does 1-10 inclusive, are unknown to Ab Coaster Holdings, which therefore sues them by such fictitious names.   Ab Coaster Holdings will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.   Ab Coaster Holdings is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Ab Coaster Holdings' damages as herein alleged were proximately caused by those Defendants.   At all times herein mentioned, Defendants Does 1-10 inclusive were the agents, servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-defendants (hereinafter, collectively with the named defendants, "the Defendants").

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2nd STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

2

## II.   JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) since the patent and trademark infringement claims arise under Acts of Congress, including the Federal Lanham Act, 15 U.S.C. §§ 1114, 1121(a), and 1125(a); the Patent Act, 35 U.S.C. §§ 281 and 289.  This Court has subject matter jurisdiction over the unfair competition claims in this action pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

5.   Ab Coaster Holdings is informed and based thereon believes and alleges that Defendants have offered for sale the accused products in this judicial district through, among possibly other media and methods, the Internet websites, ebay.com and craigslist.com.  As a result, a substantial portion of the acts and omissions by Defendants that give rise to this action occurred in this judicial district.  Additionally, although Ab Coaster Holdings is presently unable to verify that Defendants have sold any of the accused products to residents of California, Ab Coaster Holdings has some reason to believe that Defendants have sold at least some of its accused products in this judicial district.

6.   Additionally, although Ab Coaster Holdings is presently unable to verify that Defendants have imported any of the accused products through the ports in this judicial district, Ab Coaster Holdings has some reason to believe that Defendants have imported at least some of its products for resale, and possibly some of the accused products, through ports in this judicial district.

7.   Based on the foregoing, Ab Coaster Holdings believes that this Court has personal jurisdiction over the Defendants.  To the extent not already established on the record in hand, the factual contentions of the above paragraphs

are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) since a substantial part of the events and omissions giving rise to the claims occurred in this judicial district.  Additionally, venue in this judicial district is believed to be proper as to Defendant Professional Billing Consultants, Inc., under 28 U.S.C. § 1391(c) since Defendant Professional Billing Consultants, Inc. is believed to be a corporation subject to personal jurisdiction in this judicial district.  Additionally, venue is proper in this judicial district under 28 U.S.C. § 1400 to the extent that the Defendants' several offers for sale over the ebay.com and craigslist.com commercial websites, through which Defendants have offered the accused products constitutes a regular and established place of business in this judicial district.

## III.    FACTS GIVING RISE TO THIS ACTION

### A.     Ab Coaster Holdings' Products and Intellectual Property

9.     Ab Coaster Holdings markets, distributes, and sells throughout the nation and many other countries the highly successful and popular exercise device known as the Ab Coaster® abdominal exercise device.  Ab Coaster Holdings attaches as Exhibit 1 to this complaint a true and correct image of its authentic Ab Coaster® device.

10.     Ab Coaster Holdings is also the owner of certain intellectual property in and to the Ab Coaster® device, including United States Patent Nos. 7,455,633; 7,485,079; 7,585,263; 7,611,445; D565,134; and D584,367.   Ab Coaster

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

4

Holdings attaches as Exhibits 2 through 8 to this complaint a true and correct copy of each of these patents.

11.     Ab Coaster Holdings is also the owner of various trade dress and trademark rights in and to its Ab Coaster® device, including the AB COASTER trademark and logo, trade dress in the overall appearance of device and various specific features on the device as alleged below.  Its AB COASTER trademark is federally registered as United States Trademark Registration No. 3,407,362 for AB COASTER for manually operated exercise equipment.  Ab Coaster Holdings attaches as Exhibit 9 to this complaint a true and correct copy of the AB COASTER federal trademark registration.

12.     Ab Coaster Holdings also owns numerous copyrights in its marketing materials, advertisements, infomercial materials, instructional materials, and surface features and indicia on its products, as well as other intellectual property in its Ab Coaster® products, parts, accessories, and associated materials.  Ab Coaster Holdings has not yet federally registered these copyrights with the United States Copyright Office, and accordingly reserves its rights to assert these copyrights against Defendants if and when said copyrights are federally registered.

13.     At all times relevant to this action, Ab Coaster Holdings has been the sole and exclusive owner of the intellectual property listed above.  All of this intellectual property has been valid and fully enforceable at all times relevant to this action, and they remain valid and fully enforceable today.

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

14. Additionally, Ab Coaster Holdings has marketed, distributed, and sold its Ab Coaster® exercise devices in interstate commerce under its AB COASTER trademarks since at least as early as March 1, 2007.

15. Ab Coaster Holdings has extensively advertised and promoted its Ab Coaster® product throughout the United States and in other countries bearing the AB COASTER trademarks and trade dress. As a result, Ab Coaster Holdings has developed in the minds of the public and trade a strong trademark significance and reputation in its AB COASTER trademarks and trade dress.

16. In particular, Ab Coaster Holdings has trade dress rights in and to, among other features, the overall appearance of its Ab Coaster® devices, such as the combination of the dual curved track, the forearm rest and the console, the front mast and superstrut and face plate, the front feet and rear feet, and the carriage and knee support. This trade dress has been extensively marketed and sold only by Ab Coaster Holdings from at least as early as March 1, 2007. As a result of this and the phenomenal success and acclaim of the Ab Coaster® device, these features and designs have acquired secondary meaning as Ab Coaster Holdings' proprietary trade dress. These features and designs are not functional since other designs and features can be and are employed in competing exercise devices.

**B.    Defendants' Counterfeit Devices and Offers for Sale**

17. On or about December 1, 2008, Ab Coaster Holdings became aware that Defendants had been selling or offering for sale a counterfeit Ab Coaster® device through, at least, the internet commercial sites, ebay.com and craigslist.com. Ab Coaster Holdings attaches as Exhibits 10 and 11 to this

complaint a true and correct copy of Internet web pages from ebay.com and Craigslist.com, respectively, which contain this counterfeit Ab Coaster device, complete with an unauthorized use of the AB COASTER trademarks and trade dress, including the federally registered AB COASTER trademark, and at least some of the above-mentioned copyrights.

18.    This counterfeit Ab Coaster device appears to be identical in nearly every minute detail to the authentic Ab Coaster® device that is protected by the foregoing patents owned by Ab Coaster Holdings.

19.    On November 12, 2009, Ab Coaster Holdings sent a cease and desist letter to the Defendants, demanding that they cease selling its counterfeit device and informing them of its patent and trademark rights.  In the letter, Ab Coaster Holdings informed the Defendants that it was willing to file suit in this Court unless the Defendants complied with its demands.  Defendants retained counsel and initiated negotiations for settlement, professing interest in resolving the matter and achieving complete compliance with Ab Coaster Holdings' cease and desist letter.    Nevertheless, on January 13, 2010, the defendants filed suit in the Southern District of Ohio against Ab Coaster Holdings (Case No. 10-CV-0038).

20.    Ab Coaster Holdings is informed and based thereon believes and alleges that Defendants knew or should have known of Ab Coaster Holdings' patent and trademark rights and nevertheless offered for sale and sold the accused exercise device and adopted and marketed the accused devices under the AB COASTER trademarks with full knowledge of and without ever seeking or obtaining any consent or authorization from Ab Coaster Holdings to do so.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

21.     Consequently, Ab Coaster Holdings hereby seeks (1) injunctive relief against Defendants' infringement of Ab Coaster Holdings' foregoing patent rights; 2) injunctive relief against Defendants' unauthorized and improper commercial use of a trademark confusingly similar to the AB COASTER trademarks and trade dress for sales of essentially identical exercise devices; (3) damages fully compensate Ab Coaster Holdings for the infringements, including the greater of Ab Coaster Holdings' lost profits and Defendants' illicit gains, increased up to three times; and (4) reimbursement of Ab Coaster Holdings' attorneys' fees and costs for having to bring this suit to enforce its patent and trademark rights.

## IV.   FIRST CLAIM FOR RELIEF
## PATENT INFRINGEMENT
### 35 U.S.C §§ 281 and 289

22.     Ab Coaster Holdings repeats and alleges each and every allegation contained in paragraphs 1 through 21 of this complaint, and incorporates them herein as though set forth in full.

23.     This claim is against all Defendants and each of them for patent infringement under 35 U.S.C. §§ 101 *et seq.*, including specifically, §§ 281 and 289.

24.     By making, using, importing, offering to sell, and/or selling, and continuing to make, use, import, offer to sell and/or sell counterfeit Ab Coaster devices as discussed above, Defendants have infringed and can continue to infringe the foregoing patents.

25.   Upon information and belief, Ab Coaster Holdings alleges that Defendants' foregoing infringing acts have been with the full knowledge of Ab Coaster Holdings' rights and interests, thereby constituting willful patent infringement.

26.   Ab Coaster Holdings has been damaged by Defendants' acts as alleged in this complaint, and the Defendants have improperly profited thereby. Ab Coaster Holdings is entitled to a complete accounting of all revenue derived by Defendants from the unlawful conduct alleged herein in order to determine the full amount of money damages which Ab Coaster Holdings has suffered due to Defendants' acts of infringement.

27.   Furthermore, the harm to Ab Coaster Holdings arising from Defendants' acts of infringement of its issued patents is not fully compensable by money damages.   Rather, Ab Coaster Holdings has suffered and continues to suffer irreparable harm which has no adequate remedy at law and which can continue unless Defendants' conduct is enjoined.   Ab Coaster Holdings is therefore also entitled to a preliminary injunction, to be made permanent on entry of the judgment, preventing Defendants from further infringement.

## V.   SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK AND TRADE DRESS
## INFRINGEMENT 15 U.S.C. §§ 1114 and 1125a

28.   Ab Coaster Holdings repeats and alleges each and every allegation contained in paragraphs 1 through 27 of this Complaint, and incorporates them herein as though set forth in full.

29.   This claim is against all Defendants and each of them for trade dress and trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, including specifically, §§ 1114 and 1125(a).  Ab Coaster Holdings is the rightful owner of the above-referenced trademarks and trade dress in and to its Ab Coaster® device.  The trademarks is inherently distinctive and also has acquired distinctiveness.   The trade dress has acquired distinctiveness and is non-functional.

30.   Upon information and belief, Ab Coaster Holdings alleges that Defendants have used, are using, and might continue using in commerce the AB COASTER trademarks and trade dress in their offers for sale of the accused exercise devices in such as way as will likely cause confusion or mistake, or will likely deceive the public into believing that Defendants' products are associated or affiliated with or approved by Ab Coaster Holdings.

31.   Ab Coaster Holdings never consented to or authorized Defendants' adoption or use of the AB COASTER marks or trade dress for sales of any products.

32.   Defendants market and sell their exercise products using the same channels of trade and to the same or a similar class of consumers as Ab Coaster Holdings does.

33.   The Ninth Circuit considers the following non-exclusive factors to determine whether there is a likelihood of confusion:  similarity of the marks; similarity of the products or services; similarity of the marketing channels used; and likelihood of expansion in product lines; strength of plaintiff's mark; defendant's intent in selecting its mark; likely degree of care of purchasers; and

1    evidence of actual confusion.

2

3    34.   The AB COASTER trademarks and trade dress are very strong after

4    years of extensive, national marketing and promotion, significant sales volume,

5    critical acclaim, and widespread public recognition.   Defendants use the AB

6    COASTER trademarks and trade dress for the sale of identical or virtually

7    identical exercise products that so closely resemble Ab Coaster Holdings' exercise

8    products and share such similar marketing channels as to cause a likelihood of

9    confusion.   These points of similarity, among a surplus of other evidence under

10   these Ninth Circuit factors, weigh in favor of both a likelihood of confusion as

11   well as a strong suggestion that Defendants intended and still intend to ride on Ab

12   Coaster Holdings' substantial goodwill.

13

14   35.   Upon information and belief, Ab Coaster Holdings alleges that, at all

15   times relevant to this action, including when Defendants first adopted the federally

16   registered AB COASTER trademark and commenced their commercial use of the

17   mark on counterfeit exercise products, Defendants knew of Ab Coaster Holdings'

18   prior adoption and widespread commercial use of the AB COASTER trademark

19   on identical exercise products, and knew of the valuable goodwill and reputation

20   acquired by Ab Coaster Holdings in connection with the AB COASTER

21   trademarks and trade dress.   Defendants' infringement of the AB COASTER

22   trademarks and trade dress is therefore willful and deliberate.

23

24   36.   Ab Coaster Holdings has no control over the composition and quality

25   of the infringing goods sold by Defendants.   Ab Coaster Holdings is informed and

26   believes and on that basis alleges that Defendants' use of the AB COASTER

27   trademarks and trade dress has caused confusion and mistake and the deception of

28   purchasers as to the source of origin of Defendants' infringing products.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

11

Defendants therefore have infringed the AB COASTER trademarks and trade dress in violation of 15 U.S.C. §§ 1114 and 1125(a).

37.   Because of the confusion as to the source engendered by the Defendants' unauthorized use of the AB COASTER trademarks or trade dress, Ab Coaster Holdings' valuable goodwill developed at great expense and effort by Ab Coaster Holdings is being harmed and at risk of further damage.

38.   The goodwill of Ab Coaster Holdings' business under the AB COASTER trademarks is of enormous value, and Ab Coaster Holdings will suffer irreparable harm should Defendants' infringement be allowed to continue to the great detriment of its reputation and goodwill.   Defendants' infringement might well continue unless enjoined.

## VI.   THIRD CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

39.   Ab Coaster Holdings repeats and alleges each and every allegation contained in paragraphs 1 through 38 of this Complaint, and incorporates them herein as though set forth in full.

40.   The AB COASTER trademark has become uniquely associated with, and hence identifies, Ab Coaster Holdings.   The Defendants' use of the AB COASTER trademarks and trade dress constitutes a false designation of origin or a false representation.   Further, they wrongfully and falsely designate the Defendants' products as originating from or connected with Ab Coaster Holdings and constitutes utilizing false descriptions or representations in interstate

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

commerce.

41.    The conduct of the Defendants is likely to cause mistake, to deceive, and confuse members of the public who would be wrongfully led to believe that the Defendants are associated with Ab Coaster Holdings, thereby depriving Ab Coaster Holdings of its valid trademark rights.

42.    Ab Coaster Holdings is informed and believes that the Defendants, in adopting the AB COASTER trademarks and trade dress, have acted willfully and with full knowledge of Ab Coaster Holdings' rights in the AB COASTER trademarks and trade dress, and has used this false designation of origin and description in contravention of 15 U.S.C. § 1125(a).

43.    The continued unauthorized use by Defendant of the confusingly similar trademark in relation to their sales of the counterfeit product is likely to cause confusion and deception of the public and lead consumers and potential consumer to erroneously associate the products of Defendants with Ab Coaster Holdings and/or to erroneously believe that the products of Defendants are being placed upon the market with the consent and authority of Ab Coaster Holdings, as a result of which the continued use by Defendants of the AB COASTER trademarks has caused and, unless restrained, will continue to cause serious and irreparable injury to Ab Coaster Holdings.

44.    By reason of the foregoing, Ab Coaster Holdings has been injured in an amount not yet ascertained.

///

///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

# VII. FOURTH CAUSE OF ACTION

## UNFAIR COMPETITION UNDER STATE AND COMMON LAW

### (California Business & Professions Code, §§ 17200, 17203)

45. Ab Coaster Holdings repeats and alleges each and every allegation contained in paragraphs 1 through 44 of this Complaint, and incorporates them herein as though set forth in full.

46. The AB COASTER trademark is wholly associated with Ab Coaster Holdings due to its extensive marketing efforts, sales successes, and pervasive use thereof and as such, Ab Coaster Holdings has developed valuable assets in its mark and the aforementioned products, it is only fair and legitimate that Ab Coaster Holdings be able to continue its business without unfair, improper, unauthorized, and illegal interference by Defendants as alleged herein.

47. Defendants' intentional misuse of the federally registered AB COASTER trademarks and trade dress in commerce in connection with its marketing and/or sale of its counterfeit products appears purposefully directed at undercutting Ab Coaster Holdings' legitimate business involving its products. This misuse therefore constitutes unfair competition in violation of the California Business and Professions Code, §§ 17200 and 17203.

48. Ab Coaster Holdings alleges that the aforesaid acts of unfair competition undertaken by Defendants were intentionally and knowingly performed and directed toward perpetuating a business competing unfairly with Ab Coaster Holdings and were done with a willful disregard for the rights of Ab Coaster Holdings.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

49.     By reason of Defendants' acts of unfair competition, Ab Coaster Holdings has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of unfair competition.   Defendants' continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Ab Coaster Holdings in that it will have no adequate remedy at law to compel Defendants to cease such acts, and no way to determine its losses proximately caused by such acts of Defendants.   Ab Coaster Holdings will also be compelled to prosecute a multiplicity of actions, one action each time Defendants, or any one of them, commit such acts, and in each such action it will still be extremely difficult to ascertain the amount of compensation which will afford adequate relief to Ab Coaster Holdings.   Ab Coaster Holdings is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendants.

50.     As a direct and proximate result of the aforesaid acts of unfair competition, Defendants have wrongfully taken Ab Coaster Holdings' profits and the benefit of their creativity and investment of time, energy and money. Defendants should therefore disgorge all profits from the sale of infringing products and further should be ordered to perform full restitution to Ab Coaster Holdings as a consequence of Defendants' infringing activities.

51.     In doing the acts hereinabove alleged, Defendants have acted fraudulently, oppressively, and maliciously, and, by reason thereof, Ab Coaster Holdings is entitled to exemplary and punitive damages.

///

///

///

15

# VIII.   PRAYER FOR RELIEF

WHEREFORE, Ab Coaster Holdings prays for relief against Defendants, jointly and severally, as follows:

1.   For a judgment that Defendants have infringed Ab Coaster Holdings' rights in and to its U.S. Patent No. 7,455,633;

2.   For a judgment that Defendants have infringed Ab Coaster Holdings' rights in and to its U.S. Patent No. 7,485,079;

3.   For a judgment that Defendants have infringed Ab Coaster Holdings' rights in and to its U.S. Patent No. 7,585,263;

4.   For a judgment that Defendants have infringed Ab Coaster Holdings' rights in and to its U.S. Patent No. 7,611,445;

5.   For a judgment that Defendants have infringed Ab Coaster Holdings' rights in and to its U.S. Patent No. D565,134;

6.   For a judgment that Defendants have infringed Ab Coaster Holdings' rights in and to its U.S. Patent No. D584,367;

7.   For a judgment that Defendants have infringed Ab Coaster Holdings' rights in and to its Ab Coaster trademarks, including the federally registered AB COASTER trademark;

8.     For a judgment that Defendants have infringed Ab Coaster Holdings' rights in and to its trade dress in the Ab Coaster® device, including at least the overall appearance of its Ab Coaster® devices, such as the combination of the dual curved track, the forearm rest and the console, the front mast and superstrut and face plate, the front feet and rear feet, and the carriage and knee support;

9.     For a judgment that Defendants have committed acts of unfair competition against Ab Coaster Holdings;

10.    For a judgment that Defendants have willfully and deliberately committed acts of patent infringement, trademark infringement, trade dress infringement, and unfair competition against Ab Coaster Holdings;

11.    An order preliminarily and permanently enjoining Defendants, and each of them, and their officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them from, including but not limited to:

   a)    committing any further acts of patent infringement, trademark infringement, or unfair competition,

   b)    using of any of the AB COASTER trademarks, or any colorable imitation thereof, on any product,

   c)    using of any of the trade dress in the Ab Coaster® device, including at least the overall appearance of its Ab Coaster® devices, comprising the combination of the dual curved track, the forearm rest and the console, the front mast and superstrut and face plate, the front feet and rear feet, and the carriage and knee support, or any colorable imitation thereof, on any product,

d)      representing directly or indirectly in any form or manner whatsoever that any product is or was ever associated with or approved by Ab Coaster Holdings when, in fact, it is not and never was,

e)      committing any other acts calculated to compete unfairly with Ab Coaster Holdings in any manner, and

f)      inducing or enabling any other to commit any of the foregoing wrongs;

12.     For an order seizing and impounding all infringing products and all manufacturing supplies in Defendants' possession or control;

13.     For an order for an accounting and disgorgement of Defendants' profits from its infringing and unfair business activity;

14.     For an order awarding to Ab Coaster Holdings the maximum allowable damages to adequate to fully compensate Ab Coaster Holdings for the harm caused by Defendants' patent infringement, increased to three times this amount;

15.     For an order awarding to Ab Coaster Holdings the maximum allowable damages resulting from Defendants' trademark infringement, including the greater of Ab Coaster Holdings' lost profits and Defendants illicit profits, increased to three times this amount;

16.     For an order for Ab Coaster Holdings' attorneys' fees and costs Ab Coaster Holdings incurred in having to bring and sustain this action for the legal enforcement of its patent and trademark rights, and it rights to be free from unfair competition; and

17.     For such other and further equitable and legal relief as the Court may deem appropriate.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: January 20 , 2010

Daniel M. Cislo, Esq.
Kelly W. Cunningham, Esq.

Attorneys for Plaintiff
AB COASTER HOLDINGS, INC.

T:\10-23338\Complaint for patent and trademark infringement.DOC

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

19

## DEMAND FOR JURY TRIAL

Plaintiff AB COASTER HOLDINGS, INC. hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and by the Local Rules of this Court.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: January 20 , 2010

Daniel M. Cislo, Esq.
Kelly W. Cunningham, Esq.

Attorneys for Plaintiff
AB COASTER HOLDINGS, INC.

T:\10-23338\Complaint for patent and trademark infringement.DOC

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>AB COASTER HOLDINGS, INC., a Delaware corporation, | **DEFENDANTS**<br>BRIAN GREENE, an individual; PENNY GREENE, an individual;<br>PROFESSIONAL BILLING CONSULTANTS, INC., an Ohio<br>corporation; and DOES 1-10, inclusive, |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>County of Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only)<br>State of Ohio |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)　　　　　　　(310) 451-0647<br>Daniel M. Cislo, Esq.<br>CISLO & THOMAS LLP<br>1333 2nd Street, Suite 500<br>Santa Monica, California 90401 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT     JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No　　　　　　**☒ MONEY DEMANDED IN COMPLAINT:** $ Damages to be determined at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent infringement under 28 USC Sections 1331 and 1338(a); Trademark infringement under 35 USC Sections 281 and 289; Unfair competition under 28 U.S.C. Section 1338(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 371 Truth in | Vacate Sentence | ☐ 720 Labor/Mgmt. |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | Lending | Habeas Corpus | Relations |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & | ☐ 330 Fed. Employers' Liability | Damage | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 470 Racketeer Influenced and Corrupt | Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | Product Liability | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. | ☐ 350 Motor Vehicle | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 850 Securities/Commodities /Exchange | Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of | ☐ 360 Other Personal Injury | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 891 Agricultural Act | Veteran's Benefits | ☐ 362 Personal Injury- | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 892 Economic Stabilization Act | ☐ 160 Stockholders' Suits | Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of | ☐ 840 Trademark |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 894 Energy Allocation Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 895 Freedom of Information Act | **REAL PROPERTY** | Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| Access to Justice | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 890 Other Statutory Actions | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**CV10　0397**

**FOR OFFICE USE ONLY:**　Case Number:

| | | |
|---|---|---|
| CV-71 (01/03) | **CIVIL COVER SHEET** | Page 1 of 2 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;

☐ B.  Involve the same or substantially the same parties or property;

☐ C.  Involve the same patent, trademark or copyright;

☐ D.  Call for determination of the same or substantially identical questions of law, or

☐ E.  Likely for other reasons  may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Ab Coaster Holdings: County of Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary.)
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

All Defendants: State of Ohio

List **the California County**, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

All parties: County of Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 1-20-10

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |



## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AB COASTER HOLDINGS, INC., a Delaware corporation, | CASE NUMBER |
| PLAINTIFF(S) | |
| v. | CV10 0397 VBF (CWx) |
| BRIAN GREENE, an individual; PENNY GREENE, an individual; PROFESSIONAL BILLING CONSULTANTS, INC., an Ohio corporation; and DOES 1-10, inclusive, | |
| DEFENDANT(S). | **SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Daniel M. Cislo, Esq.
_____ , whose address is:

CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
(310) 451-0647
fax: (310) 394-4477

an answer to the  ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within  21  days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

JAN 2 0 2010

Dated: _____

By: _____
CHRISTOPHER POWERS
Deputy Clerk SEAL

(Seal of the Court)